CFK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | |
| | : | **19   734** |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CARL R. BIEBER, INC., d/b/a | : | |
| BIEBER TOURWAYS, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

The United States of America brings this action against defendant Carl R. Bieber, Inc.,

d/b/a Bieber Tourways ("Bieber Tourways"), a regional intercity bus company, seeking

judgment for breaching an agreement that resolved the government's claims under title III of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12184-12188.

## PARTIES

1.      Plaintiff is the United States of America.

2.      Defendant Bieber Tourways is a Pennsylvania corporation and private

transportation company with a principal place of business at 320 Fair Street, Kutztown,

Pennsylvania. The company provides over-the-road bus service between cities in Pennsylvania

and New York City.

## JURISDICTION AND VENUE

3.      This Court possesses subject matter jurisdiction under 28 U.S.C. § 1345.

4.      Venue is proper under 28 U.S.C. § 1391(b).

FEB 21 2019

**BIEBER TOURWAYS ENTERED INTO AN AGREEMENT WITH THE UNITED STATES**

5.     On August 9, 2017, Bieber Tourways entered into an agreement with the United States to resolve the government's ADA claims relating to bus accessibility by persons who use wheelchairs. The agreement is attached as Exhibit 1.

6.     This agreement resolved the government's claims that Bieber Tourways regularly and unlawfully used non-accessible over-the-road buses in its fixed-route service in violation of the ADA's accessibility requirements.

7.     To resolve the matter, Bieber Tourways agreed to undertake remedial measures to bring the company into compliance with the ADA.

8.     Specifically, Bieber Tourways agreed to use only wheelchair-accessible over-the-road buses on its fixed-route service, post conspicuous accessibility notices on its website and on schedules, refrain from requiring passengers to provide advance notice to secure accessible buses, and train its employees each year on the applicable ADA requirements, among other things.

9.     In addition, in paragraph 20 of the agreement, Bieber Tourways agreed to pay the United States a $20,000 civil penalty on or before December 31, 2017.

### BIEBER TOURWAYS BREACHED THE AGREEMENT
### BY FAILING TO PAY THE CIVIL PENALTY

10.    The December 31 deadline passed, and Bieber Tourways transmitted failed to make the payment as the agreement required.

11.    To date, Bieber Tourways has failed to pay any portion of the $20,000 civil penalty.

12.    Bieber Tourways' failure to do so breaches its agreement with the United States.

13.     To avoid any unnecessary litigation, the United States demanded the payment on or before January 31, 2019. That deadline likewise passed, and Bieber Tourways transmitted no payment.

14.     Because Bieber Tourways breached the payment provision, the United States had reason to question whether the company was complying with the other provisions.

15.     The United States therefore asked the company to provide documentation to show its compliance with the agreement's ADA training requirements.

16.     The agreement entitled the United States to receive this documentation, providing in paragraph 19 that Bieber Tourways "will provide such information to the United States promptly upon request."

17.     The United States requested the training documentation on or before January 31, 2019.

18.     Bieber Tourways failed to provide any documentation to show that it provided the agreed-upon ADA training.

## COUNT I
## Breach of Contract

19.     The United States incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20.     The settlement agreement between Bieber Tourways and the United States is a contract, the interpretation and enforcement of which presents a question of federal law.

21.     Bieber Tourways breached the agreement by failing to pay the penalty described above.

22.     Bieber Tourways also breached the agreement by failing to train its employees about the ADA.

3

23.     The United States is therefore entitled to judgment in the amount of $20,000, plus
post-judgment interest and costs, and to a declaration that Bieber Tourways must comply with all
of the agreement's non-monetary provisions.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America demands judgment in the amount of
$20,000 in favor of plaintiff United States and against defendant Carl R. Bieber, Inc., d/b/a
Bieber Tourways, and a declaration that Bieber Tourways must comply with the agreement, as
well as post-judgment interest, costs, and all other and further relief as the Court deems just and
equitable.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

CHARLENE KELLER FULLMER
Assistant United States Attorney
Deputy Chief, Civil Division

MICHAEL S. MACKO
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Ph:      (215) 861-8415
Fax:     (215) 861-8618
Michael.Macko@usdoj.gov

*Attorneys for Plaintiff United States of America*

Dated: February 21, 2019

# EXHIBIT 1



## SETTLEMENT AGREEMENT
## UNDER THE AMERICANS WITH DISABILITIES ACT
## BETWEEN
## THE UNITED STATES OF AMERICA
## AND
## CARL R. BIEBER, INC., D/B/A BIEBER TOURWAYS

### BACKGROUND

1.   The parties to this Settlement Agreement are the United States of America and
     Carl R. Bieber, Inc., d/b/a Bieber Tourways.

2.   This Settlement Agreement arose from compliance reviews of Bieber Tourways
     conducted by the United States Department of Justice and the United States
     Department of Transportation Federal Motor Carrier Safety Administration
     ("FMCSA") to determine the company's compliance with title III of the
     Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12184 and 12188.

3.   The parties agree that it is in their best interests, and the United States believes
     that it is in the public interest, to resolve this dispute without engaging in
     protracted litigation. The parties have therefore voluntarily entered into this
     Agreement, as follows:

### THE PARTIES

4.   Bieber Tourways is a Pennsylvania corporation and private transportation
     company with a principal place of business at 320 Fair Street, Kutztown,
     Pennsylvania, 19530.

5.   The Attorney General of the United States is responsible for enforcing title III of
     the ADA, 42 U.S.C. §§ 12181-89, and the relevant regulations implementing title
     III, 28 C.F.R. pt. 36 and 49 C.F.R. pts. 37 and 38. The ADA also authorizes the
     Attorney General to seek a civil penalty to vindicate the public interest. 42 U.S.C.
     § 12188(b)(2)(C); 28 C.F.R. § 36.504(a)(3).

### TITLE III COVERAGE AND DETERMINATIONS

6.   On July 26, 1990, President George H.W. Bush signed into law the Americans
     with Disabilities Act, Pub. L. No. 101-366, 104 Stat. 327 (1990). The ADA
     requires, among other things, that "[n]o individual shall be discriminated against

on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce." 42 U.S.C. § 12184(a).

7.  Effective on October 28, 1998, pursuant to the ADA, the Department of Transportation required all large operators to ensure that 100% of the buses in its fleet with which it provides fixed-route service are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. *See* 49 C.F.R. § 37.185(b). The Department of Transportation did not require operators to comply fully until October 29, 2012. *See* 49 C.F.R. § 37.185(a).

8.  Bieber Tourways is a large, fixed-route operator within the meaning of 42 U.S.C. § 12181 (4) and 49 C.F.R. § 37.3; an over-the-road bus ("OTRB") operator within the meaning of 42 U.S.C. § 12181(5) and 49 C.F.R. § 37.3; and a large operator under 49 C.F.R. § 37.3, because it is a Class I motor carrier within the meaning of 49 C.F.R. § 369.3. Further, Bieber Tourways is a private operator of fixed-route transportation service that is primarily engaged in the business of transporting people and whose operations affect commerce within the meaning of 42 U.S.C. § 12184(a) and 49 C.F.R. §§ 37.3 and 37.5(f).

9.  In June 2013, the FMCSA conducted an ADA compliance review of Bieber Tourways. In a written report, the agency observed that Bieber Tourways regularly used non-accessible over-the-road buses in fixed-route service in violation of the accessibility requirement.

10. In June 2014, the FMCSA conducted another ADA compliance review of Bieber Tourways. The agency again observed in a written report that the company regularly used non-accessible over-the-road buses in fixed-route service in violation of the accessibility requirement.

11. On August 9, 2016, the Department of Justice requested information from Bieber Tourways concerning its fleet of over-the-road buses and wheelchair accessibility, and the company produced documents in response. The documents show that Bieber Tourways continued to use a fixed-route fleet that is not 100% accessible, contrary to federal law.

12. For example, in June 2016, Bieber Tourways dispatched 897 fixed route trips, of which 387 were assigned non-accessible buses. In other words, the company used non-accessible buses on fixed routes in violation of federal law nearly half the time. Bieber Tourways has continued using non-accessible buses on fixed routes during 2017.

2

## ACTIONS TO BE TAKEN BY BIEBER TOURWAYS

13.    Bieber Tourways will not exclude persons with disabilities from participation in,
       or deny them benefits of, transportation services in violation of title III of the
       ADA, 42 U.S.C. § 12184, 28 C.F.R. pt. 36 and 49 C.F.R. pts. 37 and 38. Bieber
       Tourways will comply with all of its obligations under title III of the ADA, 42
       U.S.C. § 12184, 28 C.F.R. pt. 36 and 49 C.F.R. pts. 37 and 38.

14.    By January 10, 2018, Bieber Tourways will use only wheelchair-accessible
       OTRBs for its fixed route service, whether offered by Bieber Tourways or under
       contract by Bieber Tourways for another entity.

15.    By January 10, 2018, Bieber Tourways will not require passengers with
       disabilities who use or seek to use Bieber Tourways' fixed route service to
       provide advance notice to secure an accessible bus and will not deny any
       passenger with a disability who uses or seeks to use Bieber Tourways' fixed route
       service an accessible bus because he or she does not provide advance notice.
       Bieber Tourways' employees and contractors will not verbally communicate to
       passengers with disabilities that they are required to provide advance notice to
       secure an accessible bus on Bieber Tourways' fixed route service.

16.    By January 10, 2018, Bieber Tourways will no longer post, distribute, or publish
       any bus schedules, postings, signs, or any other written material in electronic,
       web, or hard copy format that states that a passenger with a disability is required
       to provide advance notice to get accessible transportation on Bieber Tourways'
       fixed route service. Prior to publishing or using any revised materials, Bieber
       Tourways will provide copies to the United States for pre-approval.

17.    By January 10, 2018, Bieber Tourways will ensure that any advertising for fixed
       route service it conducts by contract with any entity will not require a passenger
       with a disability to provide advance notice to get accessible transportation.

18.    Within 60 days of the effective date of this Agreement, Bieber Tourways will post
       conspicuously on its Internet home page, scheduling page, and Facebook page a
       statement that by January 10, 2018, all Bieber Tourways motor coaches will be
       wheelchair-accessible on the fixed route schedule.

19.    Within 90 days of the effective date of this Agreement, and once a year thereafter
       for the duration of this Agreement, Bieber Tourways will train all employees and
       contractors working on fixed routes (including reservationists, dispatchers,
       mechanics, and bus operators) on the ADA requirements for large, fixed-route
       OTRB operators and the requirements of this Agreement. Bieber Tourways will
       provide the same training and notification to relevant employees and contractors
       hired during the term of this agreement within 60 days of hiring. Bieber Tourways
       will maintain records of such training including the date of the training, the
       agenda, all written or presentation materials, and the identity of all persons who

attended the training, and will provide such information to the United States promptly upon request.

20. On or before December 31, 2017, Bieber Tourways will deliver a cashier's check in the total amount of $20,000.00 payable to the United States Treasury as a civil penalty.

### IMPLEMENTATION

21. In consideration for entering this Agreement, the United States will refrain from undertaking further action relating to this investigation or from filing a civil action based on the allegations set forth above. However, the United States may review Bieber Tourways' compliance with this Agreement or title III of the ADA at any time upon two business days' notice. If the United States believes that this Agreement or any material portion of it has been violated, it may institute a civil action in the appropriate United States District Court to enforce this Agreement and/or title III of the ADA. Nothing in this paragraph precludes the United States from observing Bieber Tourways OTRBs at bus stations, roadways, or other public areas to determine their compliance with this Agreement or title III of the ADA.

22. Failure by the United States to enforce any provision in this Agreement is not a waiver of its right to enforce any provision in this Agreement.

23. This Agreement is binding on Bieber Tourways, including all principals, officers and owners, successors in interest, and assigns. In the event that Bieber Tourways seeks to sell, transfer, or assign all or part of its interest during the term of this Agreement, as a condition of sale, transfer, or assignment, Bieber Tourways will obtain the written agreement of the successor, buyer, transferee, or assignee to all obligations remaining under this Agreement for the remaining term of this Agreement.

24. The signatory for Bieber Tourways represents that he or she is authorized to bind Bieber Tourways to this Agreement.

25. This Agreement is the entire agreement between the United States and Bieber Tourways on the matters raised herein and no other statement, promise or agreement, either written or oral, made by any party or agents of any party, is enforceable. This Agreement can be modified only by mutual written agreement of the parties.

26. This Agreement is not intended to remedy any other potential violations of the ADA or any other law that is not specifically addressed in this Agreement. Nothing in this Agreement relieves Bieber Tourways of its obligation to otherwise comply with the requirements of the ADA.

4

27. In the event that Bieber Tourways fails to comply with any term of this Agreement and the United States files an action seeking relief under the ADA in an appropriate United States District Court, the United States, if successful in obtaining relief in whole or in part, shall be entitled to an award of costs and attorney fees in its favor and against Bieber Tourways for all the time spent in prosecuting such an action, without apportionment. The hourly rate for calculating the amount of such attorney fees shall be determined by the most recent fee schedule published by Community Legal Services of Philadelphia.

### EFFECTIVE DATE/TERMINATION DATE

28. The effective date of this Agreement is the date of the last signature below.

29. The duration of this Agreement will be three years from the effective date.

**AGREED AND CONSENTED TO:**

UNITED STATES OF AMERICA

LOUIS D. LAPPEN
Acting United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

MICHAEL S. MACKO
Assistant United States Attorney

Dated: 8/9/17

CARL R. BIEBER, INC., d/b/a BIEBER TOURWAYS

~~STEPHEN~~ HADDAD    STEVEN is Haddad
President
Carl R. Bieber, Inc., d/b/a Bieber Tourways

Dated: 3/7/17

5